T.C. Memo. 2010-128


UNITED STATES TAX COURT


F.W. SERVICES, INC. & SUBSIDIARIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27134-08.              Filed June 14, 2010.


<u>Bruce Locke</u>, for petitioner.

<u>William G. Bissell</u>, for respondent.


MEMORANDUM OPINION


KROUPA, <u>Judge</u>:  Respondent determined a $1,965,456

deficiency in petitioner's Federal income tax for 2004.  The sole

issue for decision is whether petitioner may deduct $2,483,916

deposited with an insurance company as an insurance premium under section 162[1] for 2004.[2]  We hold that it may not.

Background

This case was submitted fully stipulated under Rule 122.  We incorporate the stipulation of facts and the accompanying exhibits by this reference.  Petitioner's principal place of business at the time it filed the petition was Houston, Texas.

Petitioner is a consolidated group of corporations that provide temporary staffing services.  Petitioner purchased two insurance policies from American Home Assurance Company (American Home).  One policy was for workers' compensation insurance, and one policy was for employers' liability insurance.[3]  The policies required American Home to pay, for all valid employer liability claims, up to $1 million for each accident or disease suffered by an employee of petitioner.  The policies also had a "loss reimbursement endorsement" that required petitioner to reimburse American Home up to $500,000 for each accident, disease or claim.  American Home required petitioner to provide financial

---

[1]All section references are to the Internal Revenue Code (Code) in effect for 2004, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]The parties have resolved all other issues in a stipulation of settled issues.

[3]Petitioner paid a total premium of $1,654,249 for the two policies in 2004.

responsibility assurance for the $500,000 deductible amounts before entering into the contracts.

To provide the requisite assurance, petitioner entered into a contract with National Union Fire Insurance Company of Vermont (National Union). National Union and American Home were both subsidiaries of American International Group (AIG). The contract required petitioner to pay into a National Union reserve fund (reserve fund). National Union would then use money from the reserve fund to pay the first $3.9 million of loss reimbursement under the American Home policies. The parties to the contract expected that the amount paid into the reserve fund would exceed the $3.9 million liability limit.[4]

Petitioner had paid a total of $6,204,334 into the reserve fund by the end of 2004.[5] National Union paid $3,720,418 in claims and handling expenses from the reserve fund to American Home in 2004. Accordingly, National Union had $2,483,916 remaining in the reserve fund for payment of claims at the end of 2004.[6]

---

[4]The parties to the contract estimated that petitioner would pay $3,919,598 into the reserve fund in 2004, which would exceed National Union's $3.9 million liability limit.

[5]There was $1,153,844 in the reserve fund at the beginning of 2004. Petitioner deposited an additional $5,050,490 during 2004.

[6]This is calculated by adding the total amount in the National Union reserve ($5,050,490 + $1,153,844) and then

(continued...)

Petitioner treated the two American Home policies and the National Union contract as one insurance contract. Petitioner deducted the premiums paid to American Home and all the payments made to National Union on its Federal income tax return for 2004 as section 162(a) ordinary and necessary business expenses.

Respondent examined petitioner's return for 2004 and issued a deficiency notice. Respondent determined that the American Home policies and the National Union contract should not be treated as one insurance contract. Respondent allowed petitioner to deduct the amount of all claims actually paid by National Union to American Home in 2004 but disallowed petitioner's deductions for the amounts remaining in the National Union reserve fund at the end of 2004. Respondent determined that such amounts do not qualify as premiums for insurance deductible under section 461(a) for 2004. Petitioner timely filed a petition arguing that the amounts remaining in reserve as of the end of the year are deductible for that year as insurance premiums.

## Discussion

We must decide whether petitioner is entitled to deduct as an ordinary and necessary business expense for 2004 the amounts that remained in National Union's reserve fund at the end of that year. Respondent claims that such amounts do not constitute

---

[6](...continued)
subtracting the amount paid out by National Union to American Home ($3,720,418).

premiums for insurance, but rather are non-deductible deposits toward the deductibles on petitioner's American Home insurance policies.  Petitioner contends that the two American Home policies and the National Union contract should be viewed as one policy for purposes of determining the premiums paid for insurance for 2004.

We begin with the general rules of deductibility and then discuss deductibility of insurance premiums.  Tax deductions are a matter of legislative grace, and taxpayers must show that they are entitled to any deduction claimed.  Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940).  Taxpayers may generally deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Sec. 162(a).

Taxpayers may deduct insurance premiums that constitute an ordinary and necessary business expense, including those for workers' compensation coverage.  Sec. 1.162-1(a), Income Tax Regs.  The Code does not define "insurance."  The Supreme Court has held that insurance entails risk shifting and risk distribution.  See Helvering v. Le Gierse, 312 U.S. 531, 539 (1941).  Insurance shifts the risk of some potential loss or portion of the potential loss from the insured to the insurance company.  See Commissioner v. Treganowan, 183 F.2d 288, 291 (2d Cir. 1950).

We now focus on the parties' arguments.  Petitioner concedes that the National Union contract by itself would not be considered an insurance contract because the terms of the contract do not shift any risk to National Union.  Petitioner argues that the American Home policies and the National Union contract result in a single insurance contract covering all of petitioner's employer liability losses up to $1 million.  Petitioner relies on the Supreme Court's opinion in Helvering v. Le Gierse, supra (Court considered an annuity contract and an insurance contract issued by the same company to one taxpayer as one contract).  Petitioner concludes that it should therefore be entitled to deduct all payments made to National Union and American Home.

Respondent maintains that the National Union contract is a separate contract and should be treated as such.  Respondent argues that the Supreme Court's decision in Le Gierse was based on distinct facts not present in this case and asserts that we should disallow petitioner's deduction for the amounts remaining in the reserve fund at the end of 2004.

We must now determine whether to treat all three contracts as one contract.  When we consider the three contracts together, the character of the contracts does not change.  The contracts continue to be two insurance contracts and one deposit contract.  See Legg v. St. John, 296 U.S. 489 (1936).  The payments into the

National Union reserve fund merely provided assurance that the deductible amounts would be paid.  They did not alter the risk inherent in the true insurance provided under the American Home policies.  Cf. Helvering v. Le Gierse, supra (annuity contract neutralized the risk inherent in the insurance policy).  Similarly, the risk shifted and distributed under the two insurance policies does not change the nature of the reserve for policy deductibles established under the National Union contract.  A reserve arrangement does not morph into insurance just because there is an insurance policy next to it.  We find that no rule of law compels us to read these three separate contracts entered into with two different insurance companies as one.

Petitioner emphasizes that the three contracts were purchased at the same time and they were all purchased from subsidiaries of AIG.  Contemporaneousness is not dispositive, nor do we find any reason to ignore the separate entity of each subsidiary of AIG.  We find that while American Home did require petitioner to provide financial assurance for the deductible, it did not make it a prerequisite that petitioner enter into a contract with National Union for loss reimbursement.  Cf. id. (insurance policy and annuity contract considered together when parties conceded the insurance policy would not have been issued without annuity contract being purchased).  In contrast, American Home merely wanted to be certain that petitioner could meet its

obligation to pay the insurance company policy deductibles.  The policies did not contain any provision concerning how petitioner should provide the assurance or from whom petitioner should purchase the assurance.

Petitioner had alternatives to contracting with National Union.  Petitioner could have purchased an insurance policy to cover the $500,000 deductible or bought an insurance policy without deductibles from American Home in the first place.  We find nothing in the American Home contracts to require petitioner to enter into the contract with National Union.

We further reject petitioner's invitation to treat National Union and American Home as one corporation merely because they have the same parent.  See Helvering v. Le Gierse, supra (taxpayer entered into two contracts with same insurance company).  Two corporations are generally regarded as distinct legal entities even if they have a common parent.  See 1 Fletcher Cyclopedia of Corporations, sec. 43 (perm. ed. 2010 rev.).  Petitioner has not given the Court any reason to disregard the separate legal status of National Union and American Home.

We decline to read the three contracts as one.  Accordingly, we disallow petitioner's $2,483,916 deduction for the amounts that remained in National Union's reserve fund at the end of 2004.

We have considered all remaining arguments the parties made and, to the extent not addressed, we find them to be irrelevant, moot, or meritless.

To reflect the foregoing and the parties' stipulation of settled issues,

<u>Decision will be entered</u>

<u>under Rule 155</u>.